LORRAINE VAN KIRK (CA SBN 287192)
490 Post Street, Ste. 500-2412
San Francisco, CA 94102
Telephone: (510) 306-2428
Email: Lorraine@VanKirkLegal.com

*Pro Bono* Attorney for Petitioner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO RUIS GARCIA,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 3:26-cv-12237-RFL<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING BODY-WORN CAMERA FOOTAGE** |

Petitioner Eduardo Ruiz Garcia and Respondents, through their counsel of record, stipulate as follows.

WHEREAS, the Court ordered Respondents to "[p]rovide all records material to resolution of this action," Dkt. No. 4 § 1(b), and set the Petition and Petitioner's Motion for Temporary Restraining Order for hearing on October 28, 2026, Dkt. Nos. 4, 7;

WHEREAS, Respondents' Opposition to the Motion for Temporary Restraining Order relies on still images taken from body-worn camera footage of Petitioner's October 16, 2026 arrest, Dkt. No. 9 at 3–4;

WHEREAS, the footage depicts federal law enforcement personnel and may depict members of the public, and Respondents have raised concerns about the disclosure of personally identifiable information;

WHEREAS, the parties wish to permit prompt production of the complete, unredacted footage before the October 28, 2026 hearing while protecting that information from public disclosure;

NOW, THEREFORE, the parties stipulate to, and respectfully request that the Court enter, the following Protective Order.

**[~~PROPOSED~~] PROTECTIVE ORDER**

1. **Protected Material.** "Protected Material" means (a) all body-worn camera and other audio or video recordings of Petitioner's October 16, 2026 encounter, arrest, and transport, together with their associated metadata (the "Footage"); and (b) any other document or information that a producing party designates "CONFIDENTIAL" in good faith because it contains personally identifiable information of non-parties or other information protected from public disclosure by law. All Footage is Protected Material upon production, without the need for any marking.

2. **Authorization under the Privacy Act.** This Order is an order of a court of competent jurisdiction within the meaning of 5 U.S.C. § 552a(b)(11). Respondents are authorized to produce Protected Material, without redaction, to Petitioner's counsel under the terms of this Order, notwithstanding any personally identifiable information it contains.

3. **Production.** Respondents shall produce the Footage in its native format, complete, unedited, and unredacted, with its associated metadata, including timestamps and camera identifiers.

4. **Permitted Use.** Protected Material may be used only for purposes of this action, including any appeal, and any immigration proceedings concerning Petitioner.

5. **Permitted Disclosure.** Petitioner's counsel may disclose Protected Material only to:

(a) counsel of record for Petitioner and the attorneys, paralegals, and staff assisting them in this action;

(b) Petitioner, who may review Protected Material in the presence of his counsel but shall not retain a copy;

(c) interpreters and translators assisting Petitioner's counsel;

(d) experts and consultants, if any, retained for this action who have signed the Acknowledgment attached as Exhibit A;

(e) witnesses and declarants, including Petitioner's treating medical providers, to the extent reasonably necessary, who have signed Exhibit A and who shall not retain a copy;

(f) the Court, its personnel, and court reporters; and

(g) any other person, with the producing party's written consent or by order of the Court.

6. **Respondents' Own Records.** Nothing in this Order restricts Respondents' use or disclosure of their own records.

7. **Filing.** A party seeking to file Protected Material shall comply with Civil Local Rule 79-5, including Civil L.R. 79-5(f) when filing material another party has designated. A party may file publicly a still image or excerpt of the Footage in which the faces and other identifying features of non-party individuals are obscured, provided that timestamps and camera identifiers remain visible.

8. **Use at Hearings.** Nothing in this Order prevents a party from presenting Protected Material at a hearing. A party intending to play any portion of the Footage at a hearing shall notify the other party in advance, and either party may ask the Court to take appropriate measures to protect non-party information.

9. **Challenges to Designations.** Any party may challenge a designation at any time. The parties shall meet and confer within 24 hours of a written challenge. If they cannot resolve the dispute, the challenging party may seek relief from the Court. The designating party bears the burden of justifying the designation.

10. **Unauthorized Disclosure.** A party that learns of any disclosure of Protected Material not authorized by this Order shall promptly notify the producing party,

make reasonable efforts to retrieve all unauthorized copies, and inform the recipient of the terms of this Order.

11. **No Effect on Evidentiary Questions.** Nothing in this Order, and no designation under it, affects any party's position on the admissibility, authenticity, or weight of any evidence.

12. **Duration and Return.** The obligations of this Order survive the final disposition of this action. Within 60 days after final disposition, including any appeal, and the conclusion of any immigration proceedings in which Protected Material is used, Petitioner's counsel shall return or destroy all Protected Material. Counsel may retain one archival copy of filings, transcripts, correspondence, and attorney work product.

13. **Effect Upon Execution.** The parties agree to be bound by this Stipulation upon its execution, pending its entry by the Court.

14. **Modification.** Any party may seek to modify this Order. The Court retains jurisdiction to enforce it.

IT IS SO STIPULATED.

Dated: October 26, 2026

By: /s/ Lorraine Van Kirk
Lorraine Van Kirk
*Pro Bono* Attorney for Petitioner

Dated: October 26, 2026

CRAIG H. MISSAKIAN
United States Attorney

By: /s/ William Skewes-Cox
William Skewes-Cox
Special Assistant United States Attorney
Attorneys for Respondents

## FILER'S ATTESTATION

Under Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

/s/ Lorraine Van Kirk
Lorraine Van Kirk

## [~~PROPOSED~~] ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: October 27, 2026

RITA F. LIN
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding Body-Worn Camera Footage entered in *Ruis Garcia v. Albarran*, No. 3:26-cv-12237-RFL (N.D. Cal.). I agree to comply with and be bound by its terms. I understand that failure to comply could expose me to sanctions and punishment for contempt of court. I will not disclose any Protected Material to any person or entity except as the Order permits, and I will not retain any copy of Protected Material except as the Order permits. I submit to the jurisdiction of the United States District Court for the Northern District of California to enforce the Order.

Date: ______________________________

City and State: ______________________________

Printed name: ______________________________

Signature: ______________________________